UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States et al., *ex rel.* Richard Gardner<br><br>    *Plaintiffs*,<br><br> v.<br><br>Vanda Pharmaceuticals, Inc.,<br><br>    *Defendant*. | Civil Action No. 1:17-cv-00464 (APM)<br><br>Hon. Amit P. Mehta |

## DEFENDANT'S SUPPLEMENTAL SUBMISSION
## IN FURTHER SUPPORT OF ITS MOTION TO DISMISS

  Defendant Vanda Pharmaceuticals respectfully submits the following in response to a question posed by the Court at the March 15, 2022 status conference in the above matter, and in further support of Defendant's motion to dismiss the matter with prejudice as to Relator Richard Gardner. Specifically, at the March 15, 2022 conference, and with respect to the issue of whether dismissal should be with or without prejudice, the Court inquired as to whether – should dismissal be without prejudice – the applicable statute of limitations might preclude Relator from restarting the case at some future date.

  The applicable statute of limitations provides, in relevant part, that "a civil action . . . may not be brought . . . more than 6 years after the date on which the violation of section 3729" – i.e., the provision which gives rise to the federal claims asserted in the Second Amended Complaint – or "more than 3 years after the date when the facts material to the right or action are known or reasonably should have been known by the official of the United States charged with responsibility to act in the circumstances . . . whichever is later." 31 U.S.C. § 3731(b). Here, and without

prejudice to any argument or motion Vanda might make should it be forced to defend itself against this action again, the Second Amended Complaint includes factual allegations pertaining to conduct alleged to have occurred in or, in some cases, considerably after, March 2016. E.g., Dkt. 47 at ¶¶ 146, 160, 185, 190, 204, 215, 254, 260-74, 275, 313-19.

Under these circumstances, Vanda respectfully submits that dismissal should be with prejudice because dismissal without prejudice could, in effect, become no different than an *indefinite* stay whose end date Relator could unilaterally control by seeking to restart this litigation months or even years into the future.[1] The prejudice to Vanda would be manifest: in response to the discovery demands in this case, Vanda has spent very considerable resources reviewing documents. It has trained and utilized a team of more than 30 attorneys to address document discovery on this issue, and it has reviewed hundreds of thousands of documents. Forcing Vanda to potentially start this process over, months or years later, with new plaintiff's counsel potentially making new or different discovery demands could put Vanda in the unfair and costly position of having to assemble and train a new team to begin what could easily be a multi-million dollar project again. Vanda respectfully requests that it not be forced to live under threat of renewed suit by the Relator. And, of course, Vanda has repeatedly and strenuously denied the allegations set forth in the Second Amended Complaint. Dismissal of this action with prejudice would bring a degree of closure to Vanda and to those allegations, one to which Vanda respectfully submits it should be entitled at this point having defended itself in this matter for years.

In so arguing, Vanda of course recognizes – as the Court noted at the March 15 conference – that the United States would retain the right to bring these claims itself at some later date, if it

---

[1] To be sure, and in addition to any argument regarding the statute of limitations, Vanda may well argue that Relator cannot qualify as an original source of allegations relating to time after he left the company. But even so doing would require Vanda to brief and litigate what would amount to a *fourth* motion to dismiss in this action.

were to so elect. But as Vanda explained, the United States' decision not to intervene provides at least some guidance as to its views of the case. And more importantly, what Vanda asks the Court to foreclose is the possibility that a private litigant could effectively hold this case hostage by pausing it indefinitely while reserving the right to multiply the costs and burdens borne by the defendant at some unspecified future date, a distinct issue from whatever rights the United States is permitted to reserve with respect to this matter. Indeed, as noted at the conference, the United States did not object to Vanda's request that dismissal be with prejudice as to the Relator.

Dated: March 17, 2022

Respectfully submitted,

/s/ *Edward B. Diskant*

David S. Rosenbloom (*pro hac vice*)
drosenbloom@mwe.com
MCDERMOTT WILL & EMERY LLP
444 West Lake Street
Chicago, IL 60606
(312) 372-2000 (office)
(312) 984-7700 (facsimile)

Edward B. Diskant (*pro hac vice*)
ediskant@mwe.com
MCDERMOTT WILL & EMERY LLP
1 Vanderbilt Avenue
New York, NY 10017
(212) 547-5754 (office)
(646) 390-0877 (facsimile)

*Attorneys for Vanda Pharmaceuticals Inc.*

Paul W. Hughes (D.C. Bar No. 997235)
Jennifer B. Routh (D.C. Bar No. 1032060)
Andrew A. Lyons-Berg (D.C. Bar No. 230182)
MCDERMOTT WILL & EMERY LLP
500 North Capitol Street, NW
Washington, D.C. 20001
(202) 756-8000 (office)
(202) 756-8087 (facsimile)